The Honorable, the Judges of the United States Court of Appeals for the 4th Circuit Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the 4th Circuit, are admonished to draw an eye and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Please be seated. Good morning. We are ready for argument in our first case, No v. Gorman. Is it Barron? Yes. May it please the Court. Good morning. My name is Paula Barron of the law firm of Taverner and Barron here in Richmond, Virginia. I am appearing this morning as Court-Assigned Amicus Counsel. After having started my legal career at the 4th Circuit Staff Counsel's Office, it is good to be back before this Court as a friend of the Court. It's especially good to be back as a friend of this Court because I'm likely not making any friends at the Court that I currently spend over 95% of my time practicing before. Specifically, upon leaving the 4th Circuit's employ almost 25 years ago, I was fortunate to be able to clerk for the Honorable Douglas O. Tice, the Judge of the United States Bankruptcy Court for the Eastern District of Virginia. And I learned firsthand from Judge Tice the importance of efficient administration of the bankruptcy system while remaining true to the principles upon which that system operates. How about following the wording of the Bankruptcy Code? Well, yes, Your Honor. I think maybe you're going directly to the point of 1326 that does say that a Chapter 13 debtor's first payment shall be made within a certain period of time. Well, what about the hearing? I don't think it was a hostile question. Oh, okay. Absolutely, Your Honor. In connection with the Bankruptcy Code, Section 1307 of the Bankruptcy Code specifically provides that a bankruptcy case upon notice and opportunity may be dismissed, but the Bankruptcy Code under 1307 does require that there be notice and an opportunity. Can the local bankruptcy rule and the code be construed compatibly? Isn't that the question? Because if they can, then I would imagine we would presume the validity of the local rule. So is there a necessary incompatibility or inconsistency? Well, Your Honor, if the rule is requiring that dismissal be made immediately upon certification and there is nothing more before or after certification, I don't believe that the local rule can be compatible with either 1307 of the Bankruptcy Code or I don't believe it can be compatible even if it was something done pursuant to USC Bankruptcy Code Section 105A. Well, under the code 1307C, the language appears to be plain that a notice and hearing is required, or at least an opportunity for hearing, and the local bankruptcy rule simply says upon receipt of a notification, the clerk shall enter into order dismissing the case. There's nothing about notice and hearing. There was no notice and hearing in this case. Doesn't that end it? Your Honor, absolutely. If it's a strict adherence, if 3070 is a certification dismissal, I would respectfully submit with nothing else that it is in violation of 1307 as well as 105A. Because there's no hearing. Well, Your Honor, in looking at notice and a hearing under the Bankruptcy Code, you have to look at Section 102 of the Bankruptcy Code, which gives us, Congress has provided some insight as to what it meant in requiring notice and a hearing. And specifically, 102 doesn't say that hearing is required every time. It says such opportunity for a hearing as is appropriate in the particular circumstances. But all the cases Well, was there notice given in this case prior to the entry of the dismissal order? Your Honor, I would respectfully submit that there was not practical notice, as Your Honors would Well, I mean, what other kind of notice are we talking about? Either there's notice or there's not notice, so what's your response mean? Well, Your Honor, in this instance, the certification was made on a Friday, January 13th. Tuesday, the court entered the dismissal order. So technically, if anybody wanted to argue that there was notice in the form of the certification, it wasn't notice in a hearing. And under 102, a hearing can be opportunity to request a hearing. What notice did the Chapter 13 filer have in this case that an order of dismissal would be entered? Your Honor, I don't believe there was adequate notice. That's what I'm here to say. Was there any notice? Well, yes, Your Honor. There was technically the certification, but once again, two days' notice I don't believe is sufficient under the rules. And how would the Chapter 13 person have notice of the certification? Well, pursuant to the certificate of service that was attached to the certification, I do believe the Chapter 13 trustee served it on the debtor. Whether the debtor actually received it before the case was dismissed, that's debatable given a Friday, Tuesday time period. Well, does the certification say that their case is going to be dismissed and that they're to take action by a certain period of time? No, Your Honor, it does not, and I believe that's one of the major issues that is a problem with the local Rule 3070 as well as the practice of dismissing cases by certification. Specifically, as this Court has held in connection with the FCS case, 102 doesn't require a hearing in every instance that Your Honor was asking, but it does require that opportunity. And as Your Honor is pointing out, what opportunity was there if there was just a certification on Friday saying this case is going to be dismissed? What would suffice as opportunity for a hearing? What would suffice, if we don't look at a hearing being granted, what would suffice as opportunity for a hearing? Well, Your Honor, what the cases have referred to as an opportunity is a time period for a party in interest or for specifically the party to be affected by the proposed dismissal to request a hearing or otherwise provide some type of defense. So a day would be enough? Your Honor, I would respect... You said two days wouldn't be enough. Would a day be enough? Your Honor, I would respectfully submit that it isn't because that doesn't provide an opportunity for the debtor to do much of anything. Ms. Barron, I understood, perhaps incorrectly, Judge Agee's question to be whether the debtor had any notice that certification was going to be filed. The certification was filed and there was a notice of service. Yes, ma'am. Was the debtor aware that that was about to occur? Your Honor, based on the record, it does not appear that the debtor was aware. It appears that the debtor was made aware when the certification was actually made. By the certificate of service? Yes, ma'am. What do you think is a hearing under the rule, under the bankruptcy code? What is a hearing? Your Honor, under 102 and being in the bankruptcy court many times in a week... I was asking you what you think it is under the law. What is a hearing? Under 102, Your Honor, I respectfully submit that a hearing would be at least an opportunity for the debtor to present an objection and for then to there be some type of analysis of whether that objection is sufficient. Presidents in the courtroom... No, Your Honor, I don't believe 102 requires that. Your Honor, do you think there's an opportunity to make some comment to the court and an opportunity for the court to have had the ability to consider that objection before deciding what to do on the whole matter? Yes, sir. Absolutely. You articulated it much better than I have. But that's what the law is for district courts, isn't it? Yes, Your Honor. There's no coming to courtroom. It's just papers are presented. Basically, you get notice. You can present papers like a summary judgment. Yes, sir. If you have notice of summary judgment and you have the opportunity to respond, then the district court may decide that summary judgment matter without calling you into the courtroom. And you see the parallel in bankruptcy. Absolutely, Your Honor. I think it's very similar and I think that's what the bankruptcy code section 1307... And so you think this fails because... Do you think the local rule is compatible? No, Your Honor. On the face of it, because it doesn't require the judge to have any kind of interaction with anything that's filed anyway, does it? No, Your Honor. The court, the clerk can do this. Absolutely. And in fact, in this instance, in looking at the dismissal order, the dismissal order was actually signed and entered by the clerk of court, Mr. Redden, here in the Eastern District of Virginia. Do you think that in itself dooms this, that the clerk can do it rather than the judge? Well, Your Honor, where I think there are some issues with the clerk doing it as opposed to the judge is in connection with Appley's argument that this technically wasn't done under 1307. Instead, this was done under bankruptcy code section 105A. And without a doubt, the bankruptcy courts under 105, Congress has specifically said, notwithstanding that a bankruptcy judge isn't technically a party in interest or the office of the United States trustee, which 1307 says upon request of the party in interest and or the office of the United States trustee. So Appley's saying, well, 1307 doesn't apply because this was done by the court, not by one of those entities, which we have to look at section 105A. Without a doubt, the bankruptcy courts have the authority to take sua sponte actions. But when you look at 105A. 105 is a very general grant of authority to the bank. Absolutely it is, Your Honor. 1307 is much more specific, which ordinarily would control over the more general statute. I completely agree, Your Honor. And in cases specifically, I believe it was the First Circuit. Yes, Your Honor. First Circuit. When the First Circuit was looking at the interplay between 105 and bankruptcy court using 105 to dismiss upon its sua sponte actions under 1307, the First Circuit said that the bankruptcy court absolutely has the ability. I don't know that we need this to decide the case, but I'm interested in your answer to this. What if the court said, the bankruptcy court said, our local rule, we know we have to have a hearing, but we delegate that to the clerk of court. Would that be a sufficient hearing under the bankruptcy code? I know that's not the issue in this case, but I'm deciding what you think hearing means. No, Your Honor, because. You think that hearing is some interaction with the judicial officer to look at anything a party or somebody involved files once they have noticed that they have an opportunity to file something. Correct, Your Honor. I believe a hearing is first the opportunity, similar to what Your Honor is saying in district court. There has to be an opportunity. And then if it's done, then it takes a judicial officer, a judge to look at it and set aside. Yes, Your Honor. Yes, Your Honor. Or a judge's clerk, but somebody in the judges. Yes, Your Honor. I notice that you have not advanced any constitutionally grounded arguments about notice and hearing. Is that deliberate or? It's twofold, Your Honor. I was trying to one, stay true to the assignment of what I understood to be appellate's argument on appeal. But secondly, I didn't believe that it was necessary because I think from 1307's perspective and 105's perspective, it can be determined to be, the local rule can be determined to be incorrect and improper and stricken from that perspective. There is also case law cited in my brief that does address due process issues, specifically under the 14th Amendment. And in connection with that, as Your Honors are well aware, the Supreme Court has spoken loud and clear in connection with Mullane. And that also has the concept of whether there was notice with sufficient opportunity. So the due process argument follows on the heels of arguments that are already made in connection with 1307 and 105. But as this court has indicated in connection with the case, in this court's case of Banks v. Sallie Mae Servicing Corporation, this court specifically said, the bankruptcy code and bankruptcy rules specify the notice required prior to the entry of an order. Due process generally entitles a party to receive the notice specified before an order binding the party will be afforded preclusive effect. So there is authority within this court to say that this is also problematic under the due process clause. Thank you. I see my time is almost up here and that I have reserved six minutes for replies last rebuttal. So I will now step down. Thank you, Your Honors. Thank you. Mr. Gorman. Good morning, Your Honors. I'm Thomas Gorman, appellee in this matter. If I may make an initial point. With all due respect, I think the matter, there's no case or controversy before this court. The debtor appears to have abandoned it. The reply brief seems to concede the equitable mootness argument. So I don't know that the issue needs to be reached. And the reason that's important for me to express to the court, I'm very awkward being here. I'm being asked to defend a rule I didn't enact. I inherited when I was appointed throughout the Eastern District. I'm powerless to change it. I'm a mid-level bureaucrat. If this court has issues with the rule itself, I think it should be taken up with the judges who enact the rule. But having said that. And when you're done, you can sit at her table if you'd like to. But having said that, Your Honor, to answer the first question that was asked, which I think is the key one, and I forget which of you asked that, is this local rule compatible with 1307? Yes. 1307, when you read it in its entirety, all the words have to be given meaning. 1307c applies when it's dismissed on request of a party in interest or the United States trustee and after notice and a hearing, comma. Upon request of certain parties and after notice and a hearing are within the commas. They have to be read together. It's in those circumstances that notice and a hearing is required. And as the record shows, I separately filed a motion to dismiss giving notice and a hearing. It never got heard. But when somebody requests it, yes, absolutely notice and a hearing or an opportunity to be heard is required. Why isn't the certification your request for dismissal? Because if you read it, I didn't request it. It's just merely nothing more than a certification. It's no different if I may complete my answer if I could. If you look at 1307c, in addition to the first payment, other grounds under it are failure to pay your filing fee, failure to file a plan. Those are handled similarly. When the clerk certifies that a plan wasn't filed or the filing fee hasn't been completed, an administrative order is entered. No one has ever suggested that if the debtor doesn't pay a filing fee, the court can't dismiss the case. And what's happened here is upon certification that they didn't make the first payments required by 1326, the court has seen fit by local rule to say we will dismiss those. They haven't applied with the rules. The case will be dismissed. But the problem that I'm having with that argument is that it is, I don't know how you can dispute the fact that it was the certification that prompted the dismissal. I'm sorry? The dismissal came as a result of the certification. Yes. Under the rule. Yes. So I'm not sure that you're not making a distinction that has no difference at all. I think it does under the statute. You're all saying 1307 prohibits this local rule. I'm saying that 1307 is a. . . It doesn't prohibit a local rule as long as it complies with the statute. So if the certification came with or the clerk sent out a notice upon receiving the certification that on such and date on the bankruptcy court's omnibus docket when it handles 100 other cases, your case will be dismissed for this reason. Hearing is set, you know, conduct yourself as you deem appropriate. That rule would comply. But under that theory, if the debtor didn't pay the filing fee and didn't file a plant, the same protocol would have to be done. Those are enumerated under 1307C just like the first payment. Under your honors theory, the bankruptcy court could not use 105 to dismiss the cases where the basic administrative requirements hadn't been held, such as failure to appear at a creditor's meeting. Is the dismissal under 1305? 105. Is it? The problem, the difficulty here is that the bankruptcy did schedule a hearing on the motion to dismiss for February 9th with responses to be filed at least five days before that hearing, and it so notified the parties. Yes. Don't let me finish. If I received that, if I received such a notification, I would assume that the bankruptcy court was telling me that there would be, as it said, that there would be hearing on the motion to dismiss and that responses could be filed. I would not assume that the bankruptcy court could dismiss the case before the scheduled hearing could even occur. That is a very fair question, and that is, to me, the sexier argument, that I elected my remedies by putting it down for hearing. It misled the debtor in some fashion, but that wasn't the argument raised in the brief. That's my question. Yes, yes, and it's a fair question. One thing I do want to point out so it doesn't get lost in terms of notice, let's not forget that this debtor, it was her sixth filing two cases ago. Mr. Gorman, that really is irrelevant. It goes to the notice issue. No, it actually doesn't. It doesn't go to my question. Okay. But your question was, is there an argument to be made that I elected the remedies? Yes, and I'm happy to address that argument. The question is, once a bankruptcy court schedules a hearing on a motion to dismiss and allows for the filing of responses compliant with the bankruptcy code, how does that not render a subsequent dismissal prior to the scheduled hearing that would provide notice and an opportunity to be heard inconsistent? I don't believe they're mutually exclusive remedies. For example. Well, my question was, how does that not render the subsequent dismissal without compliance with the bankruptcy code's own scheduled hearing on a motion to dismiss with responses? How does that not render the subsequent order of dismissal prior to the scheduled notice of hearing, at least, at the very least, inconsistent? Because the scheduled notice of hearing was brought by a party in interest under 1307 and required notice of hearing. The dismissal in this case was done by the court on its own volition under 105 upon being advised that 1326 hadn't been complied with. They're different, non-exclusive remedies. But you think that looks right? Do you think that looks right? And you think for a litigant or a participant getting notice that I'm going to hear from you and decide this on a date and then they find out before any of that can happen they lose. I don't care what you call it. Is that defensible? Your Honor, that's where I'm in an awkward position. I believe in notice. Listen, you have to answer the question. You may be awkward.  You're awkward. Okay, good. Just answer the question, though. I never get in trouble for giving extraordinary notice. But 102 says. That's not the question I asked you. It's actual notice. Right. And I believe this debtor had actual notice. And I also believe the debtor, by not attending the creditor's meeting where those are announced. I noticed that there would be a hearing on a motion to dismiss on February 9th. That's the only actual notice here. I disagree. She had actual notice of the local rule in question because she'd had a case dismissed under that same rule. She couldn't have had more notice. She had the same counsel in that other case. And, again, the motion you're referring to. Wait a minute. What rule says that that gives you actual notice? There's no rule. It's just a. . . Any authority whatsoever. That when you experience the rule heads on. That someone's prior experience in a bankruptcy context gives them actual notice of what might subsequently occur. In a different bankruptcy proceeding. Experience is the best teacher. So your answer is there isn't any. I believe that's notice. I can't give you a different answer. I just asked you for authority. I can't cite any authority. That having experienced something and having actual notice. Wait a minute. Wait, wait, wait, wait, wait. So somebody who's been subject to a summary judgment motion in one piece of litigation, they don't get notice of summary judgment, an opportunity to be heard on that? No, sir. That's not what I'm saying. They don't. That's not what I'm saying. You said experience is the best teacher. She knows it from experience. That's the exact same point. I'm limiting my argument to saying that this debtor had knowledge of this rule. No, no, no. Oh, no, no, no. But your premise is because this person had prior experience, she's not entitled to any other notice this time. But that's the question I asked you about summary judgment. I don't even understand your question. Listen, if you've had summary judgment in a case that you filed a year ago suing Ford Motor Company and you went through the process and you knew what happened, and then you filed another case against Dodge or against the Ford dealer and somebody filed summary judgment, you would say the rule requires you to get notice of a summary judgment motion. You don't really need it because you have notice because you've been through summary judgment before in another case. That's your argument. Now, under your analogy, it's a different creditor. If that person filed the same suit. What if she sued Ford Motor Company again? And the defiance of an order already entered? No, it's a different theory. It's no defiance. A different theory? No, wait, wait. You're not allowed to add information to the hypothetical to help you get to the answer you want to get to. My point is if you have prior notice of what summary judgment means it can do to your legal rights, your argument appears to be once this happened to you, you don't get notice anymore under similar circumstances. I think you'd be hard-pressed to say I don't know about the summary judgment rules if you'd already been through them in one case. That's all I'm saying. If you've already proceeded with summary judgment rules on another case. If somebody's been in bankruptcy and has had a prior bankruptcy and any procedures that were used against them, even if they have to have notice of that, once you've been through bankruptcy, any subsequent bankruptcy, any notice requirements don't apply to you? No, sir. All I'm saying is that this is a – But I'm asking under your experience is the best rule. That's what you just said. Yes. Yes. When you're on a six-file and if you don't come to the creditor's meeting, you can't say I didn't know I was supposed to come. No, but you're trying to enlarge your facts to limit your principle. I'm just applying your principle. It seems that quite frankly your principle doesn't really seem to be a strong one to me, and I'm just asking you about that. It doesn't make sense that once you've had an experience in bankruptcy court, then all the rules and the requirements don't apply anymore. My argument is limited to the facts of this case, series of cases with this debtor. I was simply making the point that she knew about the rule from prior experience. I know this, but do you understand that we just don't make decisions about facts in case we apply them, but we look for principle? Agreed. And that goes back to my first point, that if the principle here is that you don't like the rule, I think that's with the judges of the bankruptcy court. This case is moot. Quite frankly, you probably don't want to hear that, but I don't even understand that argument. We don't have meetings with bankruptcy judges come in here and defend their rules in front of us. We look at their rules in light of the law in applications, as you say, in specific cases. I didn't want to get on that point again with you, but I don't understand when a lawyer stands up and goes, I'm here, and I've got the benefit of the application of a rule. I've got that benefit, but if you don't like it, take it up with the judges, not me. That's not how it works. I apologize if you took my argument. What else is it, though? You keep saying you're a middle-level bureaucrat. Don't take it up with you. Take it up with the judges. Don't you understand we have to look at these rules in light of a case that's presented to us? Agreed, but this case isn't the case. This case is moot. Maybe there will be a case to examine the rule and overturn it. I don't believe, given the person. Tell us why this case is moot. Pardon? Why is it moot? The debtor has abandoned, hasn't pursued the appeal. And I laid out in my brief the plan that was on the table. She didn't appear at the creditor's meeting. It would have been dismissed anyway, number one. Number two, so much of her application. Maybe it wouldn't because there was no notice and there was no hearing because the case was dismissed. But in my brief I went through the math that if it were remanded now, so much of her plan period is lapsed. She couldn't possibly do a plan. You do understand that you keep trying desperately to distract us from the rule that you and only you have the responsibility to defend and uphold very much as any assistant U.S. attorney who doesn't pass laws and may have no authority to change the laws, nevertheless has to support and defend the application of those laws to specific facts. Then I will stick with and leave you with my initial thing that 1307 and this local rule are reconcilable and compatible because of the way the commas are placed upon request of a party in interest or the U.S. trustee. I requested it in a separate pleading, gave notice in a hearing, and that this was just a report to the court. Your Honor's question, though, about with different pleadings, is that misleading to the debtor? I do agree that's a fair point when debtors get various mailings, especially if this was a represented party. They can be confusing, but the rules do allow for exclusive remedies on different tracts, relief from stays, that sort of thing, and it's up to the debtor, and this was represented a debtor, to keep up with them. But I don't disagree debtors should yet notice. I think this debtor got it, and this is a six-time filer. If the rule is not all it should be, I'm not disagreeing with that. Perhaps it could be addressed. I'm just saying this isn't the case or the circumstance, and that's all. And I apologize if the Court took any of my defensiveness or perceived articulated awkwardness as disrespectful. I did not intend that. And I thank the Court for its time. By the way, I don't think it was disrespectful. I just thought it was sort of ships passing in the night. I didn't take it as disrespectful. As Your Honor can see, I was not born or raised to be an appellate lawyer. You mean you're not enjoying this? Because we are. We are. I'm happy to answer any further questions the Court has, but other than that, I thank you. Thank you. Once again, may it please the Court. Your Honor, Judge Duncan, I couldn't agree with you more in the connection with that this case was dismissed by request of the Chapter 13 trustee, i.e., the certification. And therefore, whatever construction is reviewed in connection with 1307, Local Rule 3070 is not in conformance with 1307. They can't be reconciled. Even if this Court were to say that this was done under 105, and there's much distinction being made here about the judge did it, the Court did it, it's under 105.  That was first determined by the First Circuit. And then this Court, in the Kessel v. Kessel case, that didn't specifically deal with 1307, but it dealt with 707 and 105. And on that case, the Court, Fourth Circuit said, bankruptcy judge absolutely has the authority to do it under 105 and apply 707 rules, but in citing the basis for that authority, this Court cited the case of N. Ray Hammers. And N. Ray Hammers is a Fifth Circuit case. And when you go to look at the Fifth Circuit case, Fifth Circuit case did deal with Section 105 looking at Section 1307. So you can't, I don't feel like the Chapter 13 trustee, Applee here can just say, well, Judge, 1307 doesn't matter, notice and opportunity doesn't matter, because this was done sua sponte by the bankruptcy judge under 105A. I first don't believe that premise is accurate, as Your Honor has pointed, as Your Honor has indicated in some questioning. But nonetheless, even if that's where we ultimately got, 105 still requires that there be notice and an opportunity, as this Court has indicated in the Kessel case, as the First Circuit has indicated in the Howard case, and as the Fifth Circuit has indicated in the Hammers case. Your Honor, also in connection with this argument, as it relates to disruption of bankruptcy cases, and these bankruptcy cases are regularly dismissed, and we need to dismiss bankruptcy cases when people abuse the rules, absolutely. I don't disagree with that in any way, shape, or form. But we must do that consistent with the bankruptcy code and the bankruptcy rules. Doesn't the bankruptcy code and the bankruptcy rules have procedures to deal with persistent fraudulent filers and people that don't file in good faith and all that sort of stuff? Absolutely, Your Honor. There is ways that this local Rule 3070 can be modified that would serve both purposes. It would make sure that the bankruptcy principles of due process and notice and an opportunity are adhered to, while at the same time providing for judicial administration of bankruptcy cases where you have abusive practices happen. But aren't there existing methods for dealing with abusive filings? There absolutely are. Without modifying? Well, no, I see what you're saying. There absolutely are ways. Some of the local rules of this court have mechanisms. For example, this installment fee payment that was raised in Apley's argument. Under the local rules of this court, notice is provided saying, if you don't pay this, your case will be dismissed. It's an order that's signed and entered, and that notice is provided to the debtor. Similarly, in failure to file a plan, there is a notice that is sent out pursuant to local rules. Don't you think the bankruptcy judges will pay attention to our rulings and specific cases about the bankruptcy rules? Absolutely, Your Honor. I know many of the bankruptcy judges. Isn't that in large measure how we speak to them? Absolutely, Your Honor. And they are wonderful people, and they are here to uphold the rules, and I am confident that they will have their local rules modified. People can look at law and rules differently. People can do that. Judges can disagree. A panel can disagree, but everybody, judges, understand sort of how the rules are set and what we have to follow. Actually, we're told we have to follow other panels and the U.S. Supreme Court. That's what we're told, and that's what we do. They don't meet with us individually, but we just have a hearing, make a determination. They have a hearing. They'll sit down, and we look at our local rules as well. Absolutely, and I am confident that the ---- And they aren't offended by it. They might disagree with it, but they understand how this goes, don't they? Absolutely, Your Honor. Well, I've never met a bankruptcy judge or a district court judge that likes to be overturned on appeal, but nonetheless, they absolutely ---- I don't think you've ever met any judge that likes to be overturned on appeal. Your Honor, in connection, my conclusion was really going to that exact point. We have to uphold the bankruptcy laws and bankruptcy codes, and in this instance, Rule 3070-1C is problematic because it doesn't have notice and opportunity, and that is problematic because it's in contravention of 1307, 105, and due process. And there is absolutely an opportunity for this court to provide guidance to the Eastern District of Virginia, and I am confident that a modification will be made. Thank you, Your Honors. Thank you very much. Ms. Barron, I note that you are court appointed. Yes, ma'am. And we would like to express the appreciation of the court for your service that you have rendered this morning, especially to you as an alum of the Office of Staff Counsel. Thank you, Your Honor. It's a pleasure to be back here before you all. Thank you. We will come down and greet counsel and go directly to the next case.
judges: Allyson K. Duncan, G. Steven Agee, Dennis W. Shedd